IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT MANGINE,**
**No. 08244-029,**

**Petitioner,**

vs.                                                                         Case No. 15-cv-189-DRH

**JEFFREY S. WALTON,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his enhanced sentence as a career criminal.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4[1] of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that the petition survives Rule 4 review, and a response shall be ordered.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

**Background**

Petitioner was indicted on March 9, 2000, for several offenses involving drug distribution and conspiracy (under 21 U.S.C. §§ 841(a)(1), 846, & 860); being a felon in possession of a firearm (under 18 U.S.C. § 922(g)(1); and carrying or possessing a firearm in connection with a drug trafficking offense (under 18 U.S.C. § 924(c)(1)(A)). (Doc. 1, p. 2); *United States v. Mangine*, 302 F.3d 819 (8th Cir. 2002). A jury convicted him on four counts. He was sentenced on September 18, 2001, to concurrent terms of 120 months on Count 2 (felon in possession), 360 months on Count 4 (drug distribution and conspiracy), and 240 months on Count 5 (drug distribution), to be followed by a consecutive 60-month sentence on Count 3 (possession of firearm in connection with drug offense) (Doc.153 in *United States v. Mangine*, Case No. 00-cr-2005 (N.D. Iowa Sept. 18, 2001)). Petitioner's total 420-month sentence was ordered to run concurrently with an undischarged five-year state sentence. *Id*.

Relevant to this habeas petition, the trial court found that petitioner's criminal history qualified him as a "career offender" under USSG § 4B1.1, which, he claims, resulted in a sentence five years longer than the "low end" guideline range of 360 months (Doc. 1, p. 2). That criminal history included a prior Florida burglary conviction. Petitioner argues herein that under the analysis explained in *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), the burglary offense should not have been counted as a predicate conviction to elevate him to "career offender" status.

Petitioner's conviction was affirmed on direct appeal. *United States v. Mangine*, 302 F.3d 819 (8th Cir. 2002). He did not file any collateral attack on his conviction or sentence until more than 11 years later. On May 15, 2014, he sought relief under 28 U.S.C. § 2255 based on the *Descamps* ruling. *Mangine v. United States*, Case No. 14-C-2025 (N.D. Iowa). The trial court denied the § 2255 motion, finding that it was untimely under § 2255(f), because petitioner did not file his motion within one year of the date of his conviction, and he could not rely on *Descamps* to trigger a new one-year filing period, because the Supreme Court had not made that case retroactively applicable to cases on collateral review (Doc. 2 in Case No. 14-C-2025 (N.D. Iowa)). See 28 U.S.C. § 2255(f)(1) and (3). The Eighth Circuit denied petitioner's request for a certificate of appealability on January 23, 2015 (Doc. 11 in Case No. 14-C-2025).

Mangine filed the instant petition on February 23, 2015.

**The § 2241 Petition**

Petitioner notes that he is a "pre-*Booker*, pre-*Begay* offender" who should not have been subjected to a career-criminal sentence enhancement (Doc. 1, p. 3). The trial court in 2001 improperly relied on facts included in petitioner's Florida burglary pre-sentence investigation report ("PSR") to conclude that the crime was a "generic burglary" offense, without analyzing the Florida statute itself (Doc. 1, p. 5). Under the approach explained in *Descamps*, if a burglary statute contains elements of both "generic" burglary (i.e., of a building) *and* criminal conduct that goes beyond the generic version, the trial court must examine the statute to

determine whether the conviction will qualify as a predicate felony for a career-criminal enhancement.

Petitioner contends that the sentencing court in his case failed to examine the Florida statute at all, as was "common place" prior to *Descamps* (Doc. 1, p. 5). Had the court followed the proper analysis, as explained in *Descamps*, it would have concluded that the Florida statute, which included burglary of a "conveyance" as well as of a dwelling or structure, was overly broad. *See* FLA. STAT. ANN. § 810.02. As such, it went beyond the generic burglary elements, and should not have been used as a predicate offense to increase his federal sentence. He asserts that he could not have advanced this legal theory within the one-year time limitation for a first-time § 2255 motion, and argues that his claim is cognizable under § 2241 as falling within the "savings clause" of § 2255(e).

**Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, petitioner is attacking his sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to

challenge his federal conviction or sentence. The "savings clause" of 28 U.S.C. § 2255(e) allows a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

In order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (§ 2255 is an inadequate remedy if a claim was "foreclosed by binding precedent" during the direct appeal and § 2255 motion).

*Descamps* is indeed a statutory-interpretation case, and the addition of five years to petitioner's sentence, if erroneous, is a defect of sufficient magnitude to be considered a "miscarriage of justice." Two of the three "savings clause" factors are thus arguably satisfied. The disposition of petitioner's recent § 2255 motion correctly found that in his case, *Descamps* could not be the foundation of a collateral attack under 28 U.S.C. § 2255(f)(3), so he was unable to invoke this decision in his first § 2255 motion. The Court has concerns, however, about the retroactive applicability of *Descamps* in a § 2241 action, which goes to the third "savings clause" requirement. Just as pertinent is the question of whether the argument put forth herein was truly foreclosed to petitioner at the time of his direct appeal and within the one-year period for filing a § 2255 motion under § 2255(f)(1), several years before the Supreme Court announced the *Descamps* decision in 2013. *See Taylor v. United States*, 495 U.S. 575, 599-600(1990) (discussed in *Descamps*, 133 S. Ct. at 2283) (courts must consider only the statutory elements of prior offenses, *not* the "particular facts underlying those convictions" in order to determine whether the prior conviction "counts" for enhancement purposes); *Gieswein v. Walton*, No. 14-2247, slip op. at 2 (7th Cir. July 29, 2014) (Doc. 15-1 in S.D. Ill. Case No. 14-cv-515-DRH) (observing that "*Descamps* is explicitly an extension of existing Supreme Court caselaw"). In order to more fully address these matters as they relate to the availability of the "savings clause" for petitioner to advance his claim, a response shall be ordered.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise

plead within thirty days of the date this order is entered (on or before April 17, 2015).[2]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: March 18, 2015.**

Digitally signed by David R. Herndon
Date: 2015.03.18 14:10:21 -05'00'

**United States District Judge**