IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MANGINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  15-cv-189-DRH-CJP |
| | ) |
| JEFFREY S. WALTON, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Petitioner Robert Mangine filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the application of the Career Offender Enhancement, U.S.S.G. § 4B1.1.  He relies on *Descamps v. United States*, 133 S. Ct. 2276 (2013).  Now before the Court is Respondent's Motion to Dismiss, Doc. 14.  Petitioner filed responses to the motion at Docs. 16 and 17.

**Relevant Facts and Procedural History**

Petitioner was convicted in the Northern District of Iowa of felon in possession of a firearm, two counts of drug distribution, conspiracy, and carrying a firearm in relation to a drug trafficking offense.  In September, 2001, he was sentenced to a total of 420 months imprisonment.  The sentence consists of concurrent sentences on the drug distribution, conspiracy and felon in possession counts totaling 360 months, followed by a consecutive 60 month sentence on the possession of a firearm in furtherance of a drug trafficking offense count.  *United States v. Mangine*, Case No. 6:00-cr-2005-LRR, Doc. 153 (N.D. Iowa, September

1

18, 2001).

The sentencing court applied the Career Offender Enhancement, U.S.S.G. §4B1.1.[1] At issue here is the use of petitioner's Florida burglary conviction as a predicate conviction. Doc. 1, p. 2.

Mangine filed a direct appeal. He did not raise an issue regarding the application of §4B1.1. The Eighth Circuit Court of Appeals affirmed. *United States v. Mangine*, 302 F.3d 819 (8th Cir. 2002). He did not file a petition for certiorari.

In 2014, Mangine filed a motion pursuant to 28 U.S.C. §2255. Citing *Descamps*, he argued that his Florida burglary conviction was improperly categorized as a crime of violence for purposes of §4B1.1 enhancement. The §2255 motion was dismissed as untimely. Doc. 14, Ex. 2.

In February, 2015, Mangine filed the §2241 petition currently before the Court. He argues that his Florida burglary conviction should not have been used to apply the Career Offender enhancement because the Florida burglary statue is both broader than generic burglary and is a divisible statute, requiring the application of the "modified categorical approach." He argues that he is entitled to bring a §2241 petition because *Decamps* announced a new rule which should be applied retroactively.

### Applicable Legal Standards

---

[1] Mangine's sentence became final before the Sentencing Guidelines were held to be only advisory in *U.S. v. Booker*, 125 S. Ct. 738 (2005).

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

A prisoner is generally limited to only *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir.2002). "A procedure for postconviction relief can be fairly

termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F. 3d 605, 611 (7th Cir 1998)(emphasis in original).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

The relevant version of the Florida statute defined burglary as "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Fla. Stat. Ann. § 810.02 (1)(a). See, Doc, 1, p. 7.

U.S.S.G. §4B1.2 defines crime of violence as a federal or state crime punishable by more than one year imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of

another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

At sentencing, petitioner objected to the use of the Florida burglary conviction because it resulted from a plea of *nolo contendere*, and not for any reason relevant here. The sentencing judge determined that petitioner's Florida burglary conviction qualified as burglary of a dwelling. The judge stated, "The facts are not disputed and it appears from the presentence report that this is a burglary of a residence." See, Transcript of Sentencing Hearing, Doc. 14, Ex. 1, pp. 3-4. The court also had before it unspecified "documents" relating to that conviction. Ex. 1, p. 2.

According to petitioner, the Supreme Court's holding in *Descamps* created a new theory of statutory interpretation that applies retroactively and could not have been invoked in a timely-filed motion under §2255.[2] Based on a Department of Justice directive, respondent does not argue that *Descamps* is not retroactive to cases on collateral review. See, Doc. 14, pp. 7-8. He does, however, argue that *Descamps* did not announce a new rule. This Court agrees.

"[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was not dictated by precedent existing at

---

[2] *Descamps* concerned the Armed Career Criminal Act, 18 U.S.C. §924(e), not the application of U.S.S.G. §4B1.1. However, the Seventh Circuit "interpret[s] coterminously the ACCA and the career offender § 4B1.1 provision." *United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010).

5

the time the defendant's conviction became final." *Teague v. Lane*, 109 S. Ct. 1060, 1070 (1989) (citations omitted).

The Court in *Descamps* held that the defendant should not have been subject to a career criminal enhancement where his previous California burglary conviction was for violating a statute that criminalized conduct beyond the "generic" elements of the crime of burglary (unlawful entry into a building with the intent to commit a crime). *Descamps* is a new statutory interpretation case, but it does not represent a change in the law that has any relevance to petitioner's circumstances. Rather, the Court reaffirmed the "categorical approach" and "modified categorical approach" analysis established in *Taylor v. United States*, 110 S. Ct. 2143 (1990). *Descamps*, 133 S. Ct. at 2283-2284. Indeed, the Court explained that "Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." *Descamps*, 133 S. Ct. at 2283. This is a clear indication that the decision breaks no new ground. The holding in *Descamps* was dictated by prior Supreme Court precedent that was final long before Mangine's conviction became final.

Furthermore, the holding of *Descamps* has no application to petitioner's case. *Descamps* holds that the modified categorical approach may not be applied to an indivisible statute. *Descamps*, 133 S. Ct. at 2282. Petitioner argues, correctly, that the Florida burglary statute is divisible; accordingly, the holding of *Descamps* does not apply to him.

*Taylor v. United States*, 110 S. Ct. 2143 (1990), was a case out of the

6

Eighth Circuit, the Circuit in which Mangine was convicted. *Taylor* held that, for purposes of the enumerated clause of the Armed Career Criminal Act, courts must look to the generic definition of the named crimes; the elements of generic burglary are "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 110 S. Ct. at 2158. The Court further held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Taylor*, 110 S. Ct. at 2160.

The Eight Circuit was consistently applying *Taylor* before petitioner was sentenced in 2001. See, e.g., *United States v. Stevens*, 149 F.3d 747 (8th Cir. 1998)(applying *Taylor* where defendant's sentence was enhanced pursuant to U.S.S.G. §4B1.1); *Evans v. United States*, 1997 WL 55676 (8th Cir. 1997)(unpublished opinion applying *Taylor* to a §2255 motion); *United States v. Demint*, 74 F.3d 876 (8th Cir. 1996); and *United States v. Payton*, 918 F.2d 54 (8th Cir. 1990).

*Descamps* also cited *Shepard v. United States*, 125 S. Ct. 1254 (2005), and explained that it was an application of *Taylor*; "In *Shepard*. . . the hypothetical we posited in *Taylor* became real. . . ." *Descamps*, 133 S. Ct. at 2284. Therefore, while *Shepard* was decided after petitioner's conviction became final, it did not announce a new rule.

The argument that petitioner now makes has been available to him from the time he was sentenced. Both prongs of his argument (that the Florida statute is broader than generic burglary and that the sentencing court erred in the way that it applied the modified categorical approach) flow directly from *Taylor*. Petitioner could have raised his argument in a timely filed §2255 and therefore his habeas petition does not fit within the savings clause of 28 U.S.C. §2255(e).

The fact that petitioner's §2255 motion was not timely filed does not serve to make the §2255 remedy inadequate or ineffective. A petitioner cannot "lever his way into section 2241 by *making* his section 2255 remedy inadequate…." *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(emphasis in original). See also, *Hill v. Werlinger*, 695 F. 3d 644, 648-649 (7th Cir. 2012), holding that §2255 is not inadequate or ineffective where the claim could have been presented in a direct appeal or a §2255 motion.

In his responses to the motion, petitioner cites *Johnson v. United States*, 135 S.Ct. 2551 (2015). In that case, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutional. However, the "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563. Assuming that *Johnson* applies to §4B1.1, it has no relevance to this case because petitioner's sentence was enhanced under the enumerated clause of §4B1.1, and not the residual clause. Further, *Johnson* is a constitutional case, not a statutory construction case. For that reason, even if it

were applicable to Mangine's situation, it would not satisfy the *Davenport* conditions.

Lastly, the Court notes that, in its order dismissing the §2255 motion, the Northern District of Iowa pointed out that, even without the application of §4B1.1, Mangine still faced a guidelines range of 360 months to life, and his §924(c)(1)(A) conviction required the court to impose a consecutive sentence of 60 months. Doc. 14, Ex. 2, p. 2, n.1.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**.

Robert Mangine's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 23rd day of July, 2015.

Digitally signed by David R. Herndon
Date: 2015.07.23 15:54:05 -05'00'

**United States District Court**